UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
HOUSTON CASUALTY COMPANY,  : Case No:
                           :
         Plaintiff,        :
                           :  **COMPLAINT FOR**
      - against -          :  **DECLARATORY RELIEF**
                           :  **WITH JURY DEMAND**
ACCREDITED SURETY AND CASUALTY :
COMPANY, INC. and SOUTHWEST MARINE :
AND GENERAL INSURANCE COMPANY, :
                           :
         Defendants.       :
-------------------------------------------------------------- X

Plaintiff Houston Casualty Company ("HCC"), by its attorneys, London Fischer LLP, alleges the following as its Complaint for Declaratory Judgment against defendants Accredited Surety and Casualty Company, Inc. ("Accredited") and Southwest Marine and General Insurance Company ("Southwest"):

## THE NATURE OF THE ACTION

1. This is an action for declaratory relief and contribution arising from defendants' breach of their obligations to defend and indemnify the owners and General Contractor at a project as additional insureds, under insurance policies issued to subcontractors, in an underlying personal injury action involving a construction site accident in Brooklyn, New York.

## THE PARTIES

2. HCC is an insurance company incorporated under the laws of Texas and has its principal place of business in Texas. HCC is authorized to sell or write insurance in New York.

3. Accredited is an insurance company incorporated under the laws of Florida and has its principal place of business in Florida. Accredited is authorized to sell or write insurance in New York and, at all material times, has conducted and continues to conduct substantial business in New York.

4. Southwest is an insurance company incorporated under the laws of Arizona and has its principal place of business in New Jersey. Southwest is authorized to sell or write insurance in New York and, at all material times, has conducted and continues to conduct substantial business in New York.

## JURISDICTION AND VENUE

5. Subject matter jurisdiction is based upon 28 U.S.C. § 1332 and 28 U.S.C. § 2201 because the action involves citizens of different states and the amount in controversy exceeds the sum of $75,000. An actual controversy exists between the parties regarding their respective rights and obligations under the relevant policy of insurance.

6. Personal jurisdiction over the defendants is proper as they conduct business in the State of New York.

7. Venue is proper under 28 U.S.C.A. § 1391 because a substantial part of the events giving rise to the claim occurred in this district.

## THE PROJECT

8. ICL Nevins Street Apartments L.P., ICL Nevins Street Housing Development Fund Corporation, and Institute for Community Living, Inc. (collectively, "ICL") are the owners of a mixed-used apartment and commercial space building at 50 Nevins Street, Brooklyn, New York (the "Project").

9. ICL retained Mega Contracting Group, LLC ("Mega") as the General Contractor for the Project.

10. Mega retained Celtic Services NYC, Inc. ("Celtic") as a subcontractor to do certain work at the Project, including demolition work.

11. Celtic retained sub-subcontractor White Star NYC Inc. ("White Star") to perform

certain work at the Project.

12. Mega retained Republic Scaffold & Hoist Corp. ("Republic") as a subcontractor to do certain work at the Project, including scaffolding work.

## **THE UNDERLYING ACTION**

13. This suit arises out of an underlying action captioned *Ordonez v. ICL Nevins Street Housing Development Fund Corp.*, *et al.,* pending in New York State Supreme Court, Bronx County, Index No. 20852/2020E (the "Underlying Action"). (A copy of the Verified Complaint in the Underlying Action is attached as Exhibit 1.)

14. The plaintiff in the Underlying Action, Brayan Ordonez ("Ordonez") alleges that he was injured on December 12, 2019 as a result of a fall in the course of his work as an employee of White Star at the Project.

15. In the Underlying Action, Ordonez makes claims for negligence and under the N.Y. Labor Law against defendants ICL, Mega, and Celtic.

16. In the Underlying Action, Mega has brought a third-party action against Celtic asserting claims for contractual indemnification, common law indemnification, and contribution. (A copy of the Third-Party Complaint against Celtic is attached as Exhibit 2.)

17. In the Underlying Action, Celtic and ICL have brought third-party actions against Republic alleging that any injuries sustained by Ordonez were caused by the negligence and carelessness of Republic or its agents. (A copy of the Third-Party Complaints against Republic are attached as Exhibits 3 and 4.)

18. Mega has asserted cross-claims against Republic in the Underlying Action. (A copy of Mega's Cross-Claims against Republic is attached as Exhibit 5.)

## THE CONTRACTS

**The Mega/Celtic Subcontract**

19. Mega and Celtic entered into a subcontract dated April 1, 2019 whereby Celtic agreed to perform demolition work at the Project (the "Mega/Celtic Subcontract"). (A copy of the Mega/Celtic Subcontract is annexed as Exhibit 6.)

20. Under the Mega/Celtic Subcontract, Celtic agreed to purchase Commercial General Liability ("CGL") insurance with limits of not less than $1 million each Occurrence and $2 million annual aggregate and to name Mega and ICL as additional insureds. (Exh. 6, Art. 35 and Exh. B)

21. Further, the Mega/Celtic Subcontract requires that Celtic's CGL insurance apply as primary and non-contributory coverage for Mega and ICL before any insurance maintained by Mega or ICL. (Exh. 6, Art. 35)

22. Celtic also agreed in the Mega/Celtic Subcontract, to the fullest extent permitted by law, to defend and indemnify Mega and ICL from all claims arising out of or in connection with or as a result or consequence of Celtic's performance of its work under the Mega/Celtic Subcontract, whether or not caused in whole or in part by Celtic. (Exh. 6, Art. 34)

**The Mega/Republic Sub-Contract**

23. Mega and Republic entered into a subcontract dated March 28, 2019 whereby Republic agreed to perform "Sidewalk Bridge & Scaffold – OH Protection – Roof Protection – Temp System scaffold Stair Tower – 6000# Construction Hoist – Temp Construction Fence" work at the Project (the "Mega/Republic Subcontract"). (A copy of the Mega/Republic Subcontract is attached as Exhibit 7.)

24. Under the Mega/Republic Subcontract, Republic agreed to purchase CGL insurance with limits of not less than $1 million each Occurrence and $2 million annual aggregate

and to name Mega and ICL as additional insureds. (Exh. 7, Art. 35 and Exhs. A, B)

25. Further, the Mega/Republic Subcontract requires that Republic's CGL insurance apply as primary and non-contributory coverage for Mega and ICL before any insurance maintained by Mega or ICL. (Exh. 7, Art. 35)

26. Republic also agreed in the Mega/Republic Subcontract, to the fullest extent permitted by law, to defend and indemnify Mega and ICL from all claims arising out of or in connection with or as a result or consequence of Republic's work under the Mega/Republic. Subcontract, whether or not caused in whole or in part by Republic. (Exh. 7, Art. 34)

## THE INSURANCE POLICIES

**The Accredited Policy Issued to Celtic**

27. Defendant Accredited issued policy no. 1-TPM-NY-17-01234898 to Celtic for the policy period May 1, 2019 to May 1, 2020 (the "Accredited Policy"). (A copy of the Accredited Policy is attached as Exhibit 8.)

28. The Accredited Policy has limits of $1 million each Occurrence and $2 million aggregate.

29. The Accredited Policy provides additional insured coverage "As Required by Written Contract executed prior to any claim or 'suit'."

30. The Mega/Celtic Subcontract required that Mega and ICL be named as additional insureds under Celtic's CGL policy, so Mega and ICL qualify as additional insureds under the Accredited Policy.

31. Additional insured coverage under the Accredited Policy applies to bodily injury caused, in whole or in part, by Celtic's acts or omissions or the acts or omissions of those acting on Celtic's behalf.

32. As alleged in the Underlying Action, Ordonez's injuries were caused, in whole or

in part, by Celtic's acts or omissions or the acts or omissions of those acting on Celtic's behalf.

33. The Accredited Policy applies as primary and non-contributory coverage for Mega and ICL.

34. The Accredited Policy also provides contractual liability coverage for Celtic's contractual obligation under the Mega/Celtic Subcontract to indemnify Mega and ICL in connection with the Underlying Action.

**The Southwest Policy Issued to Republic**

35. Defendant Southwest issued a CGL policy, policy No. GL201900012552, to Republic for the policy period August 17, 2019 to August 17, 2020 (the "Southwest Policy"). (A copy of the Southwest Policy is attached as Exhibit 9.)

36. The Southwest Policy has limits of $2 million each Occurrence and $4 million aggregate.

37. The Southwest Policy provides additional insured coverage to "All entities required by written contract to be included as additional insureds but only with request to operations performed by the Named Insured or on their behalf."

38. The Mega/Republic Subcontract required that Mega and ICL be named as additional insureds under Celtic's CGL policy, so Mega and ICL qualify as additional insureds under the Accredited Policy.

39. Additional insured coverage under the Southwest Policy applies to bodily injury caused, in whole or in part, by Southwest's acts or omissions or the acts or omissions of those acting on Republic's behalf.

40. As alleged in the Underlying Action, Ordonez's injuries were caused, in whole or in part, by Republic's acts or omissions or the acts or omissions of those acting on Republic's

behalf.

41. The Southwest Policy applies as primary and non-contributory coverage for Mega and ICL.

42. The Southwest Policy also provides contractual liability coverage for Republic's contractual obligation under the Mega/Celtic Subcontract to indemnify Mega and ICL in connection with the Underlying Action.

**The HCC Policy Issued to Mega**

43. HCC issued policy no. H17PC30917-00 to Mega for the policy period December 28, 2017 to December 28, 2022 (the "HCC Policy"). (A copy of the HCC Policy is annexed hereto as Exhibit 10.)

44. The HCC Policy applies in excess of other primary insurance available to Mega and ICL.

## TENDERS

**Tenders to Accredited**

45. HCC tendered the defense and indemnification of ICC and Mega in the Underlying Action to Celtic, Accredited, and Celtic's excess insurers by letter dated March 3, 2020. (A copy of the letter is attached as Exhibit 11.)

46. HCC again tendered the defense and indemnification of ICL and Mega in the Underlying Action to Celtic, Accredited, and Celtic's excess insurers by letter dated November 5, 2021. (A copy of the letter is attached as Exhibit 12.)

47. Accredited has not responded to HCC's tenders and has not agreed to defend and indemnify ICL and Mega in the Underlying Action.

**Tender to Southwest**

48. HCC tendered the defense and indemnification of ICC and Mega in the Underlying Action to Southwest by letter dated March 21, 2022. (A copy of the letter is attached as Exhibit 13.)

49. By letter dated August 12, 2022, Southwest denied the tender and refused to defend and indemnify ICL and Mega in the Underlying Action. (A copy of the letter is attached as Exhibit 14.)

## AS AND FOR A FIRST CAUSE OF ACTION
### (Declaratory Judgment – Additional Insured Status vs. Accredited)

50. HCC repeats and realleges each and every allegation set forth in paragraphs 1 through 49 as through fully set forth herein.

51. As required by the Mega/Celtic Subcontract and pursuant to the terms of the Accredited Policy, Mega and ICL are additional insureds under the Accredited Policy with respect to the Underlying Action.

52. Accredited has failed to acknowledge that ICL and Mega are additional insureds under the Accredited Policy with respect to the Underlying Action.

53. HCC is entitled to a declaration that ICL and Mega are additional insureds under the Accredited Policy in connection with the Underlying Action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Declaratory Judgment – Duty to Defend vs. Accredited)

54. HCC repeats and realleges each and every allegation set forth in paragraphs 1 through 53 as through fully set forth herein.

55. Pursuant to the terms of the Accredited Policy, Accredited has an obligation to defend ICL and Mega as additional insureds in the Underlying Action on a primary and non-

contributory basis.

56. Accredited has failed to defend ICL and Mega as additional insureds in the Underlying Action.

57. HCC is entitled to a declaration that Accredited is obligated to defend ICL and Mega in the Underlying Action on a primary and non-contributory basis, and HCC is entitled to withdraw from the defense of Mega.

### AS AND FOR A THIRD CAUSE OF ACTION
(Declaratory Judgment – Duty to Indemnify vs. Accredited)

58. HCC repeats and realleges each and every allegation set forth in paragraphs 1 through 57 as through fully set forth herein.

59. Pursuant to the terms of the Accredited Policy, Accredited has an obligation to indemnify ICL and Mega as additional insureds in the Underlying Action on a primary and non-contributory basis.

60. Accredited has not agreed to indemnify ICL and Mega as additional insureds in the Underlying Action.

61. HCC is entitled to a declaration that Accredited is obligated to indemnify Mega and ICL in the Underlying Action on a primary and non-contributory basis.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Contribution vs. Accredited)

62. HCC repeats and realleges each and every allegation set forth in paragraphs 1 through 61 as through fully set forth herein.

63. As a result of Accredited's failure to defend Mega and ICL as additional insureds in the Underlying Action on a primary and non-contributory basis, HCC is currently defending Mega in the Underlying Action.

64. HCC has incurred, and continues to incur expenses, including attorneys' fees and other costs in connection with the defense of Mega in the Underlying Action.

65. The expenses, including attorneys' fees and other costs, incurred by HCC in connection with the defense of Mega in the Underlying Action should have been paid exclusively by Accredited.

66. HCC is entitled to damages and an Order from this Court directing Accredited to reimburse HCC for all amounts paid by HCC in connection with the defense of Mega in the Underlying Action, together with interest at the statutory rate of nine percent per year.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**(Declaratory Judgment – Additional Insured Status vs. Southwest)**

67. HCC repeats and realleges each and every allegation set forth in paragraphs 1 through 66 as through fully set forth herein.

68. As required by the Mega/Republic Subcontract and pursuant to the terms of the Southwest Policy, Mega and ICL are additional insureds under the Southwest Policy with respect to the Underlying Action.

69. Southwest has failed to acknowledge that ICL and Mega are additional insureds under the Southwest Policy with respect to the Underlying Action.

70. HCC is entitled to a declaration that ICL and Mega are additional insureds under the Southwest Policy in connection with the Underlying Action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**(Declaratory Judgment – Duty to Defend vs. Accredited)**

71. HCC repeats and realleges each and every allegation set forth in paragraphs 1 through 70 as through fully set forth herein.

72. Pursuant to the terms of the Southwest Policy, Southwest has an obligation to

defend ICL and Mega as additional insureds in the Underlying Action on a primary and non-contributory basis.

73. Southwest has failed to defend ICL and Mega as additional insureds in the Underlying Action.

74. HCC is entitled to a declaration that Southwest is obligated to defend ICL and Mega in the Underlying Action on a primary and non-contributory basis, and HCC is entitled to withdraw from the defense of Mega.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**(Declaratory Judgment – Duty to Indemnify vs. Southwest)**

75. HCC repeats and realleges each and every allegation set forth in paragraphs 1 through 74 as through fully set forth herein.

76. Pursuant to the terms of the Southwest Policy, Southwest has an obligation to indemnify ICL and Mega as additional insureds in the Underlying Action on a primary and non-contributory basis.

77. Southwest has not agreed to indemnify ICL and Mega as additional insureds in the Underlying Action.

78. HCC is entitled to a declaration that Southwest is obligated to indemnify Mega and ICL in the Underlying Action on a primary and non-contributory basis.

**AS AND FOR A EIGHTH CAUSE OF ACTION**
**(Contribution vs. Southwest)**

79. HCC repeats and realleges each and every allegation set forth in paragraphs 1 through 78 as through fully set forth herein.

80. As a result of Southwest's failure to defend Mega and ICL as additional insureds in the Underlying Action on a primary and non-contributory basis, HCC is currently defending

Mega in the Underlying Action.

81. HCC has incurred, and continues to incur expenses, including attorneys' fees and other costs in connection with the defense of Mega in the Underlying Action.

82. The expenses, including attorneys' fees and other costs, incurred by HCC in connection with the defense of Mega in the Underlying Action should have been paid exclusively by Southwest.

83. HCC is entitled to damages and an Order from this Court directing Southwest to reimburse HCC for all amounts paid by HCC in connection with the defense of Mega in the Underlying Action, together with interest at the statutory rate of nine percent per year.

**WHEREFORE,** Plaintiff HCC demands judgment against the defendant as follows:

a. On the first cause of action, declaring that ICL and Mega are additional insureds under the Accredited Policy with respect to the Underlying Action;

b. On the second cause of action, declaring that Accredited is obligated to defend ICL and Mega in the Underlying Action on a primary and non-contributory basis, and HCC is entitled to withdraw from the defense of Mega;

c. On the third cause of action, declaring that Accredited is obligated to indemnify ICL and Mega in the Underlying Action on a primary and non-contributory basis;

d. On the fourth cause of action, awarding damages against Accredited for costs incurred by HCC and/or Mega in the defense of the Mega in the Underlying Action, together with interest at the statutory rate of nine percent per year;

e. On the fifth cause of action, declaring that ICL and Mega are additional insureds under the Southwest Policy with respect to the Underlying Action;

f. On the sixth cause of action, declaring that Southwest is obligated to defend ICL

and Mega in the Underlying Action on a primary and non-contributory basis, and HCC is entitled to withdraw from the defense of Mega;

g. On the seventh cause of action, declaring that Southwest is obligated to indemnify ICL and Mega in the Underlying Action on a primary and non-contributory basis;

h. On the eighth cause of action, awarding damages against Southwest for costs incurred by HCC and/or Mega in the defense of the Mega in the Underlying Action, together with interest at the statutory rate of nine percent per year;

i. Awarding HCC the costs and disbursements of this action; and

j. Awarding HCC such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY AND TRIAL

Pursuant to Federal Rule of Civil Procedure 38, HCC demands a trial by jury in this action of all issues triable by jury.

Dated: New York, New York
September 19, 2022

By:  LONDON FISCHER LLP

*[signature]*

Jan H. Duffalo
59 Maiden Lane, 39th Floor
New York, New York 10038
(212) 972-1000
LF File No.: 127.0567117

*Attorneys for Plaintiff*
*Houston Casualty Company*